**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

TROI MAYER,                    :    CIVIL NO. **1:05-CV-1217**
                               :
              Petitioner       :    (Judge Rambo)
                               :
         v.                    :    (Magistrate Judge Smyser)
                               :
THOMAS CORBETT,                :
GWENDOLYN T. MOSLEY,           :
                               :
         Respondents           :

**REPORT AND RECOMMENDATION**

On June 17, 2005, the petitioner, a state prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

In an Order dated June 27, 2005, we mistakenly stated that the petition was filed pursuant to 28 U.S.C. § 2254.  By the Order of June 27th, we gave the petitioner the notice required in § 2254 cases by *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000), and ordered the petitioner to inform the court on or before July 18, 2005, whether he wants (1) to have his petition ruled upon as filed; (2) if his pleading is not styled

as a § 2254 petition, to have his pleading recharacterized as a
§ 2254 petition and heard as such, but lose his ability to file
a second or successive petition absent certification by the
court of appeals as required by 28 U.S.C. § 2244(b); or (3) to
withdraw his petition and file one all-inclusive petition
within the one-year statutory period prescribed by AEDPA in 28
U.S.C. § 2244(d).

On July 8, 2005, the petitioner filed a motion to
correct the record and for clarification of the June 27, 2005
order.  The petitioner pointed out that he filed his petition
under 28 U.S.C. § 2241 rather than 28 U.S.C. § 2254 and he
sought an order correcting the June 27, 2005 Order insofar as
it mistakenly stated that the petition was filed pursuant to
§ 2254.  By an Order dated July 20, 2005, we granted the
petitioner's motion to correct to the extent that in that Order
we recognized that the petition was filed under § 2241 rather
than § 2254.

2

Given that the petition was filed pursuant to 28 U.S.C. § 2241, we considered whether it is appropriate for the petitioner to proceed in this case under § 2241.  We concluded that the petitioner may not proceed under § 2241.

As a state prisoner, the petitioner may only challenge his conviction and sentence or the execution of his sentence through a 28 U.S.C. § 2254 petition. *Coady v. Vaughn*, 251 F.3d 480 (3d Cir. 2001).  As the United States Court of Appeals for the Third Circuit explained:

> Section 2241 confers jurisdiction on district courts to issue writs of habeas corpus in response to a petition from a state or federal prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §§ 2241(a) and (c)(3).
> Section 2254 confers jurisdiction on district courts to issue "writs of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court ... on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).
> It is a well-established canon of statutory construction that when two statutes cover the same situation, the more specific statute takes precedence over the more general one.  *See Edmond v. United States*, 520 U.S.

651, 657, 117 S.Ct. 1573, 137 L.Ed.2d 917
(1997) ("Ordinarily, where a specific provision
conflicts with a general one, the specific
governs."); *Preiser v. Rodriquez*, 411 U.S.
475, 488-89, 93 S.Ct. 1827, 36 L.Ed.2d 439
(1973) (holding that prisoner challenging
validity of his confinement on federal
constitutional grounds must rely on federal
habeas corpus statute, which Congress
specifically designed for that purpose, rather
than broad language of Section 1983); *West v.
Keve*, 721 F.2d 91, 96 (3d Cir.1983).  The
rationale for this canon is that a general
provision should not be applied "when doing so
would undermine limitations created by a more
specific provision." *Varity v. Howe*, 516 U.S.
489, 511, 116 S.Ct. 1065, 134 L.Ed.2d 130
(1996).  In the instant action, both Sections
2241 and 2254 authorize Coady's challenge to
the legality of his continued state custody.
However, with respect to habeas petitions filed
by state prisoners pursuant to Section 2254,
Congress has restricted the availability of
second and successive petitions through Section
2244(b).  Allowing Coady to file the instant
petition in federal court pursuant to Section
2241 without reliance on Section 2254 would
circumvent this particular restriction in the
event that Coady seeks to repetition for habeas
relief and would thereby thwart Congressional
intent. Thus, applying the "specific governs
the general" canon of statutory construction to
this action, we hold that Coady must rely on
Section 2254 in challenging the execution of
his sentence.
         .  .  .
*Id.* at 484-85 (footnotes omitted).

The petitioner in this case is challenging his custody by state officials. The petitioner asserts that on July 18, 2002 the judge in his post conviction relief act (PCRA) proceedings granted him a new trial. He asserts that he has not been retried and that he is being illegally detained. However, he also asserts that the Commonwealth appealed the PCRA court's order granting him a new trial to the Pennsylvania Superior Court and that the Superior Court vacated the PCRA court's order granting him a new trial. The petitioner claims that the Commonwealth's appeal of the order granting him a new trial was not timely filed and, therefore, the Superior Court never had jurisdiction or authority to reverse the PCRA court's order.

The petitioner is a "person in custody pursuant to the judgment of a State court" as that phrase is used in 28 U.S.C.

§ 2254.[1]  Accordingly, the petitioner must proceed with his

habeas claim, if at all, under § 2254.


By the Order of July 20, 2005, we granted the

petitioner's motion to correct and for clarification to the

extent that we recognized that the petition was filed under 28

U.S.C. § 2241 rather than 28 U.S.C. § 2254.  We also indicated

that it is the undersigned's view that the petitioner may not

proceed with his habeas claim under 28 U.S.C. § 2241 and that

if the petitioner elects to proceed with his petition under 28

U.S.C. § 2241 it will be recommended that the petition be

dismissed.  We further indicated that if the petitioner elects

to proceed with the instant petition under 28 U.S.C. § 2254, he

must inform this court of any prior habeas corpus petitions he

has filed challenging his conviction and that he must inform

this court of the disposition of those petitions as well as of

the status of his petition in the Third Circuit to file a

_____

[1]  Had the Superior Court not reversed the PCRA court's order
granting a new trial and the petitioner had been in custody awaiting
retrial his attempt to proceed by way of § 2241 may have had merit.
*See Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000)(noting that
28 U.S.C. § 2241 remains available to a prisoner who is not in
custody pursuant to the judgment of a state court but is in custody
for some other reason such as pre-conviction custody).

second or successive § 2254 petition.  The petitioner was ordered to make his election to proceed either under § 2241 or § 2254 on or before August 17, 2005.

The petitioner filed a motion for an extension of time to make his election and for the appointment of counsel.  By an Order dated August 16, 2005, the petitioner's request for the appointment of counsel was denied and the petitioner was granted an extension of time until September 16, 2005, to make his election.

On September 16, 2005, the petitioner filed a document entitled "Petitioner's Motion Request Response to This Court's Orders of August 16, 2005 via July 20, 2005, and Request for Reconsideration and/or Stay and Abey of Additional Orders until Third Circuit Determination" and a brief in support of that motion.  The petitioner contended that it was proper to consider his petition under § 2241.  By an Order dated September 22, 2005, Judge Rambo construed the petitioner's motion filed on September 16, 2005 as an appeal of the Orders

7

of July 20, 2005 and August 16, 2005.  Judge Rambo denied the

petitioner's appeal and ordered the petitioner to file, if his

so desires, an amended petition no later than October 15, 2005.

The petitioner did not file an amended petition.

Rather, on October 17, 2005, the petitioner filed a motion

entitled "Petitioner's Motion of Conformity" and a brief in

support of that motion.  The petitioner does not unequivocally

state whether or not he wants the court to construe the instant

petition as a 28 U.S.C. § 2254 petition.  Instead, the

petitioner requests that the court temporarily stay "any

additional Orders pursuant to 28 U.S.C. § 2254" until the Third

Circuit issues a decision whether or not he may file a second

or successive § 2254 petition.  He also requests that counsel

be appointed to represent him.

On November 4, 2005, the petitioner filed a document

entitled "Petitioner's Motion to Update the Court on the Status

of the Third Circuit's Decision and to Seek Clarification

and/or Direction of the Court."  The petitioner states that the

Third Circuit has granted him permission to proceed under § 2254 although not on the basis that he may file a second or successive petition but on the basis that a § 2254 petition would count as a first petition.  The petitioner questions how to proceed.

Since the petitioner filed the instant petition under 28 U.S.C. § 2241 and, although he was given the opportunity to do so, he has not filed an amended petition under 28 U.S.C. § 2254, we think it prudent to construe the instant petition as it was captioned, i.e. a 28 U.S.C. § 2241 petition.  For the reasons stated above, the petitioner may not proceed under § 2241.  Accordingly, it will be recommended that the instant petition be dismissed.  It will be recommended that the instant petition be dismissed without prejudice to the petitioner filing a 28 U.S.C. § 2254 petition.

Since we are recommending that the instant petition be dismissed, we also recommend that the petitioner's motions be denied.

Based on the foregoing, it is recommended that the petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 be dismissed without prejudice to the petitioner filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  It is further recommended that the petitioner's pending motions (docs. 18 & 20) be denied and that the case file be closed.


                                    /s/ J. Andrew Smyser
                                    J. Andrew Smyser
                                    Magistrate Judge

Dated: November 7, 2005.